IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BEAUTY MANUFACTURING | § | |
| SOLUTIONS CORP., | § | |
|     Plaintiff | § | |
| | § | CIVIL ACTION NO. 3:10-CV-2638-G |
| V. | § | |
| | § | |
| ASHLAND, INC. d/b/a ASHLAND | § | |
| DISTRIBUTION, | § | |
|     Defendant, | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION

Pursuant to the two orders of reference dated March 19, 2012, before the Court are *Plaintiff's Motion for Attorney's Fees and Costs* (doc. 100), filed February 27, 2012, and *Defendant's Motion to Strike Plaintiff's Declaration of Robert C. Wiegand* (doc. 107), filed March 16, 2012. Based on the relevant filings, evidence,[1] and applicable law, the plaintiff's motion for attorney's fees and costs should be **GRANTED** in part, and the defendant's motion to strike should be **DENIED**.

## I. BACKGROUND

On November 17, 2010, Beauty Manufacturing Solutions Corp. (Plaintiff), a Texas corporation, filed suit in the 192nd Judicial District of Dallas County, Texas, against Ashland, Inc. d/b/a Ashland Distribution (Defendant), a Kentucky corporation, alleging breach of contract, breach of warranty and violations of the Texas Deceptive Trade Practices Act. (*See* Doc. 1 at 1.)[2] The complaint included a claim for attorney's fees. (*Id*. at 9-10.) Defendant removed the case to federal

---

[1] Plaintiff submitted an appendix in support of its reply but did not seek leave to file new evidence. (*See* Doc. 115.) Because Defendant did not have a meaningful opportunity to respond, the reply appendix has not been considered. *See Spring Industries, Inc. v. American Motorists Ins. Co.*, 137 F.R.D. 238, 239 (N.D. Tex. 1991) (Fitzwater, J.) ("[W]here a movant has injected new evidentiary materials in a reply without affording the nonmovant an opportunity for further response, the court still retains the discretion to decline to consider them.").

[2] Citations refer to the cm/ecf system page number at the top of each page rather than the page numbers at the bottom of each filing.

court on December 28, 2010.  (*Id*. at 1-4.)  On January 27, 2012, following a bench trial, the District Court entered judgment in favor of Plaintiff on its breach of contract claim and awarded it $231,016.43 in damages plus "pre-judgment and post judgment interest . . . and costs of court, including reasonable attorneys' fees."  (Docs. 98 at 1; 99 at 1.)

On February 27, 2012, Plaintiff filed its motion seeking $422,096.00 in attorney's fees, $16,989.84 in taxable costs, and $21,772.44 in prejudgment interest.  (*See* Docs. 100; 103; 104.) It provided declarations from its counsel as well as another local attorney, Robert C. Wiegand, firm resumes for each of the attorneys who worked on the case, and redacted copies of its billing records showing attorney's fees and expenses incurred during the litigation.[3]  (Doc. 102 at 5-22, 28-109, 137-138, 143-149.)  Plaintiff also submitted a declaration by one of its officers, attesting to its satisfaction with the legal services provided in the case.  (*Id*. at 140-141.)  Defendant responds that the fees requested are not reasonable and necessary, and that Plaintiff should recover no more than $150,000.00 in fees.  (*See* Docs. 109; 110 at 7.)

## II.  MOTION TO STRIKE

Defendant moves to strike the declaration of Robert C. Wiegand on grounds that Plaintiff failed to designate him as an expert by the applicable June 17, 2011 deadline.  (*See* Doc. 107.)

Expert disclosures must be provided by the deadlines imposed in the scheduling order.  Fed. R. Civ. P. 26(a)(2)(D). If a party fails to provide information or identify a witness as required by Rule 26(a), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.  Fed.

---

[3]  Plaintiff provided billing records to support $392,096.00 of its fee request.  (Doc. 102 at 30-82.)  The remaining $30,000.00 relates to 125 hours of time devoted to researching, drafting and preparing evidence in support of its motion.  (*Id*. at 20-21)

R. Civ. P. 37(c)(1).  Because Plaintiff failed to provide a substantial justification for the omission

in its response, the Court must consider whether the violation was harmless.  *Id.*  In deciding

whether a violation of Rule 26 is harmless, courts consider four factors: 1) the explanation for the

failure to identify the witness; 2) the importance of the testimony; 3) the potential prejudice in

allowing the testimony; and 4) the availability of a continuance to cure such prejudice.  *Wright v.*

*Blythe-Nelson*, No. 3:99-CV-2522-D, 2001 WL 804529, *2 (N.D. Tex. July 10, 2001).  The party

facing sanctions bears the burden of showing harmlessness.  *PACT XPP Technologies, AG v. Xilinx,*

*Inc.*, 2:07-CV-563-RSP, 2012 WL 1034009, *3 (E.D. Tex. Mar. 27, 2012) (citing *Heidtman v.*

*County of El Paso*, 171 F.3d 1038, 1040 (5th Cir. 1999).  The *Wright* court noted:

> This court has typically treated the designation of attorney's fee experts differently
> from other experts . . . .  Attorneys who represent parties against whom such fees are
> sought are not surprised by expert testimony because they can usually expect that
> opposing counsel will attempt to prove his attorney's fees and because they are
> themselves experts on the subject.  Because the matter is handled by motion and
> usually decided on affidavits, the court can cure any prejudice that a party may face
> from a tardy designation by continuing submission of the attorney's fee issue if the
> party needs additional time to obtain its own expert.

*Id*. at *6; *see also Giddy Up, LLC v. Prism Graphics, Inc.*, No. 3:06-CV-0948-B, 2008 WL 656504

(N.D. Tex. Mar. 12, 2008) (denying motion to strike expert affidavit on attorney's fees).

Plaintiff explains that it chose not to "over-designate" experts at the pre-trial stage and

avoided the costs of additional discovery, since attorney's fees are usually decided post-trial.  As

to the importance, the testimony of a disinterested attorney about the prevailing local rates and

reasonableness of the fee request is often helpful in assessing the reasonableness of a fee award.

Defendant has not shown any prejudice as a result of Plaintiff's failure to earlier designate Wiegand,

since it submitted a declaration to counter those of both Plaintiff's counsel *and* Wiegand.  (Doc. 111

at 4-12.)  A continuance is therefore unnecessary to ameliorate any potential prejudice to Defendant,

and its motion to strike should be denied.[4]

### III.  ATTORNEY'S FEES

In a diversity case such as this one, "[s]tate law controls both the award of and the reasonableness of fees awarded . . . ."  *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002). Pursuant to Tex. Civ. Prac. & Rem. Code § 38.001(8), attorney's fees are recoverable when a party's "claim is for:  . . . an oral or written contract."  TEX. CIV. PRAC. & REM. CODE ANN. § 38.001(8) (West 2008).  In order to warrant an award of fees, a plaintiff need only prove that it was awarded damages and the reasonableness of the fee request.  *Mathis*, 302 F.3d at 462.  In evaluating the amount of a reasonable fee award, Texas courts consider:

1)   the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly;

2)   the likelihood . . . that the acceptance of the particular employment will preclude other employment by the lawyer;

3)   the fee customarily charged in the locality for similar legal services;

4)   the amount involved and the results obtained;

5)   the time limitations imposed by the client or by the circumstances;

6)   the nature and length of the professional relationship with the client;

7)   the experience, reputation, and ability of the lawyer or lawyers performing the services; and

8)   whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.

*Arthur Anderson & Co. v. Perry Equipment Corp.*, 945 S.W.2d 812, 818 (Tex. 1997).  The applicant

---

[4] Because Plaintiff also submitted an affidavit from its counsel, Defendant did not object to the hourly rates charged by Plaintiff's counsel, and the Court has knowledge and experience with rates in the Dallas legal community in other cases, striking the Weigand declaration would not change the ultimate recommendation.

bears the burden of proving the fee sought is reasonable and necessary.  *Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 10 (Tex. 1991).  Under § 38.003, however, there is a rebuttable presumption "that the usual and customary attorney's fees . . . are reasonable."  TEX. CIV. PRAC. & REM. CODE ANN. § 38.003 (West 2008).

### 1.      Calculation of Fees

Plaintiff offers time records and declarations to support its application for the following hours of legal work performed by its counsel, Geary, Porter & Donovan (GPD):[5]

| Attorney | Hourly Rates[6] | Hours Charged |
|---|---|---|
| T. Gregory Jackson | $275-$325 | 915.20 |
| James N. Zoys | $250 | 172.50 |
| Kathleen F. Donovan | $180 | 231.60 |
| Dallas A. Sessions | $190 | 60.80 |
| Jeffrey L. Fisher | $325 | 22.50 |
| Bruce W. Claycombe | $405 | 7.40 |
| Dustin H. Sparks | $200 | 3.60 |
| Dorothy L. Vidal | $410 | 1.10 |
| Legal Assistants | $100-$125 | 11.00 |
| **Totals** | **$392,096.00** | **1425.70** |

(Doc. 102 at 4-26, 30-94, 137-141.)  Plaintiff also seeks attorney's fees of $30,000 for an additional 125 hours of legal work spent preparing its fee motion.[7]  (*Id*. at 20-21.)  It seeks fees for a total of 1550.7 hours in the amount of $422,096.00.  (Doc. 101 at 12.)

---

[5]  Because Plaintiff prevailed on its contract claim and was awarded damages and attorney's fees, the only issue is the amount of fees to be awarded.  *See Watson v. State Farm Lloyds*, No. 3:98-CV-2941-H, 2000 WL 42174, *1 (N.D. Tex. Jan. 18, 2000).

[6]  Defendant does not object to the hourly rates charged by GPD.  (*See* Doc. 110.)  These rates are reasonable, based on Plaintiff's supporting declarations and the Court's knowledge of and experience with rates charged by attorneys with the same level of skill, competence, and ability in the Dallas legal community.

[7]  The attorneys who worked on the motion for attorney's fees charged hourly rates ranging from $150 to $325.  (Doc. 102 at 21.)

5

### 2.      Defendant's Objections

a.      *Billing Judgment*

Defendant generally objects that Plaintiff's fee statements do not demonstrate the exercise of billing judgment and that it pursued a costly litigation strategy that needlessly increased fees. (Doc. 110 at 2, 4, 7, 13.)  Where it is evident that a law firm has failed to utilize billing judgment in writing off "unproductive, excessive, or redundant" time, a reduction in the fee award is appropriate.  *See Saizan v. Delta Concrete Prods. Co., Ind.*, 448 F.3d 795, 799 (5th Cir. 2006). Defendant identifies specific entries that it contends should have been written off in the exercise of billing judgment.  (Doc. 110 at 13-15.)

Defendant first argues that the fee award should be reduced for those time entries relating to Dow Corning discovery because the discovery was never served.  (*Id*. at 13.)  Plaintiff has not met its burden to show that the hours expended were reasonably necessary.  *Sterling*, 822 S.W.2d at 10. The fee award should be reduced by $5,464.90, the amount billed between March 25 and May 24, 2011 for the Dow Corning discovery.[8]  (Doc. 111 at 22-24.)

Defendant objects to the time spent on the motion to reconsider the order granting Defendant leave to file an amended answer between August 10 and August 22, 2011 as excessive.  (*Id*. at 13-14; Doc. 111 at 35-39.)  Entries referencing the motion to reconsider totaled $16,430.50, which is excessive.  The billing entries relating to that filing should be reduced 50%, so the fee award should be reduced by $8,215.25.[9]

---

[8]  Some of the entries reference other work on the case but it is not possible to determine how the time was allocated due to Plaintiff's block billing procedures.  In those cases, the entries were disallowed in their entirety.

[9]  Some of the entries reference other work on the case, but it is not possible to determine how the time was allocated to Plaintiff's block billing procedures.  In those cases, the reduction was applied to the entire entry.

Defendant also argues that the fee award should be reduced for time spent between October 4 and December 1, 2011 on a motion to compel Nexeo documents that was untimely and ultimately withdrawn.  (Docs. 110 at 14; 111 at 45-49.)  Plaintiff has not met its burden of showing that the hours expended were reasonably necessary.  The time entries for the motion to reconsider totaled $16,155.30; the fee award should be reduced by that amount.[10]  (Doc. 111 at 45-49.)

Defendant also objects to the amount of time claimed in relation to both parties' summary judgment motions and Plaintiff's objections to Defendant's pretrial disclosures. (Doc. 110 at 13-15.) These hours appear reasonably necessary to the litigation, and no reduction is warranted.  *See DP Solutions, Inc. v. Rollins, Inc.*, 353 F.3d 421, 434 (5th Cir. 2003) ("[A] party may recover for time spent on unsuccessful motions so long as it succeeds in the overall claim.") (citing *North Am. Corp. v. Allen*, 636 S.W.2d 797, 800 (Tex. App.–Corpus Christi 1982, no writ)).

> b.     *Excessive Shareholder Time, Conferences and Preparation*

Defendant also generally objects that GPD failed to exercise billing judgment and that the fee award should therefore be reduced because of the high percentage of shareholder time relative to the total number of hours GPD billed, excessive inter-attorney conferences, and an excessive number of hours for pretrial and trial preparation.  (Doc. 110 at 8, 17.)

"In deciding whether fees are excessive, the Court is 'entitled to look at the entire record and to view the matter in the light of the testimony, the amount in controversy, the nature of the case, and our common knowledge and experience as lawyers and judges.'"  *Gordon, C.V. v. Quicksilver Jet Sales, Inc.*, No. A-09-CA-409-SS, 2010 WL 3239266, *2 (W.D. Tex. Aug. 16, 2010).  Here, the billing records do reflect that the majority of time charged was shareholder time, and that Plaintiff

---

[10]   See note 6.

billed out more than 95% of the shareholder time billed on the case. (*Id.* at 8; Doc. 102 at 30-82.)

Plaintiff explains that it is a small firm with few associates, and that it exercised billing judgment on the front end by writing down portions of time spent on interoffice conferences, duplicative attorney time and certain tasks which took longer than expected. (Doc. 102 at 7-8, 14-15, 28, 96-109.) It claims the attorney conferences were also reasonably necessary to coordinate the work of the various attorneys in the case, and the conferences were neither too many nor too long. (Doc. 102 at 30-82.) The Court agrees. *See Great American Ins. Co. v. AFS/IBEX Fin. Serv., Inc.*, 3:07-CV-924-O, 2009 WL 361956 (N.D. Tex. Feb. 13, 2009), (attorney conferences necessary to facilitate exchange of information in case) (applying Texas law), *vacated and remanded on other grounds*, 612 F.3d 800 (5th Cir. 2010); *see also Weir v. Fed. Asset Disposition Ass'n*, 3:91-CV-0372-P, 1998 WL 873001, *7 (N.D. Tex. 1998) (concluding 350 inter-attorney conferences was not excessive based on the nature of the litigation). The number of hours billed by GPD for trial preparation and trial is high, but it is reasonable to expect counsel to devote substantial time to the tasks necessary to prepare and try a case to verdict. (Docs. 102 at 30-82; 110 at 17.) The hours expended were not unreasonable.

c.    *Incomplete, Redacted and Excessive Time and Block Billing*

Defendant also objects that GPD's billing records reflect block billing procedures, lack sufficient detail, or are too heavily redacted to permit a fair evaluation of the reasonableness of the hours billed, and that the fee award should be reduced accordingly. (Doc. 110 at 15-17.) Block billing refers to a practice by which attorneys describe multiple activities in a single time entry. *See C & D Production Services v. U. S. Dep't of Labor*, 376 F. App'x 392, 394 (5th Cir. 2010). While

GPD did engage in block billing, many entries address relatively small increments of time.[11]  The billing records provide the date of service and brief but sufficient descriptions of the tasks accomplished.  *See Haggar Apparel Co. v. Leal*, 100 S.W.3d 303 (Tex. App.–Corpus Christi, 2002, pet. granted), *rev'd on other grounds*, 154 S.W.3d 98 (Tex. 2004).  GPD's extensively redacted billing statements preclude determination of whether hours related to such entries were reasonably expended–a point on which Plaintiff bears the burden.  *Sterling*, 822 S.W.2d at 10.[12]  Time that is inadequately documented should be excluded.  *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993).  For that reason, a 15% reduction in the overall fee award is warranted.  *See Compass Bank v. Veytia*, No. EP-11-CV-228-PRM, 2012 WL 627756, *4 (W.D. Tex. Feb. 24, 2012) (reducing fee award by 20% for inadequate documentation) (applying Texas law); *see also Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 326 (5th Cir. 1995) (reducing fee award by 10% for inadequate documentation) (applying federal law).

  d.    *Fee Application*

  Defendant objects to Plaintiff's request for fees related to the filing of this motion because Plaintiff provided no billing statements to support its recovery and asks that the request be disallowed in its entirety.  (Doc. 110 at 17-18.)  Plaintiff provided a declaration from counsel testifying that its attorneys spent 125 hours researching, drafting the motion and brief and the

---

  [11]  *See League of Latin Am. Citizens *4552 (LULAC) v. Roscoe Indep. Sch. Dist.*, 119 F.3d 1228, 1233 (5th Cir. 1997) ("[P]ractical considerations of the daily practice of law in this day and age preclude 'writing a book' to describe in excruciating detail the professional services rendered for each hour or fraction of an hour.") (applying federal law)).

  [12]  Plaintiff did not initially provide unredacted copies for *in camera* review to meet its initial burden.  *See Compass Bank v. Vey Finance,* No. EP-11-CV-359-PRM, 2012 WL 2397445, *2 (W.D. Tex. June 25, 2012); *Sorkin v. Universal Bldg. Prod. Inc.*, No. 1:08-CV-133, 2010 WL 519742, *4 (E.D. Tex. Feb. 9, 2010).  Nor did it move to reopen the evidence to provide unredacted copies.  *See In re Frazin*, 413 B.R. 378, 416 n. 33 (N.D. Tex. 2009).  It only offered to provide unredacted billing records if ordered to do so.  (Doc. 114 at 3 n. 6.)

supporting appendix.  (Doc. 102 at 20-21.)  It is entitled to recover for time spent on the motion for attorney's fees. *Robbins Hardwood Flooring, Inc. v. Bolick Distributors Corp.*, No. 3:02-CV-1124-H, 2003 WL 21436499 (N.D. Tex. June 12, 2003) (recommendation of Mag. J.), *adopted by* 2003 WL 21518078 (June 24,2003).[13]  It is impossible to adequately evaluate the request without billing statements, however, and the time expended appears inordinate  A 30% reduction in the fees sought for preparation of the motion is appropriate; the award should be reduced by $9000.00.

        e.     *Travel Time*

Defendant contends that GPD charged for undiscounted travel time.  (Doc. 110 at 18.)  However, these entries also reference legal work on the case. (Doc. 111 at 18-49.)  A reduction for travel time is discretionary.  It is not required and unwarranted in this case.

        f.     *Clerical Tasks*

Defendant contends that a reduction is warranted for clerical tasks performed by GPD's legal assistants and attorneys.  (Doc. 110 at 18-20.)  The declaration from Plaintiff's lead counsel adequately substantiates its claim for the work performed by legal assistants. (Docs. 101 at 17; 102 at 14.)  As for the attorney time, Defendant identifies nine entries allegedly spent on clerical tasks. (*See* Doc. 111.)  Of those entries, the ones for May 3-4, 2011 have already been disallowed in their entirety because they related to Dow Corning Discovery.  (*Id.* at 23.)  The entries for November 22, 2010, February 18, 2011 and March 25, 2011 should be disallowed; the descriptions are clerical in nature and Plaintiff has not met its burden to show that the attorney time was for reasonable and necessary legal work.  The fee award thus should be reduced by $411.15 for these entries.  (*Id.* at

---

[13] *See also Cruz v. Hauck*, 762 F.2d 1230, 1233 (5th Cir. 1985) (holding that a prevailing plaintiff is entitled to attorney fees for the effort entailed in litigating a fee claim) (applying federal law).

21-22.)  The entries for November 17, 2010, June 24, 2011 and August 4, 2011 also include references to clerical work but it is impossible to determine how much time was spent on clerical tasks due to GPD's block billing practices.  (*Id*. at 21, 30, 34.)  Based on the work described, a 10% reduction in fees is warranted.  These time entries totaled $4,144.50; the fee award should be reduced by $414.45.  The June 9, 2011 entry does not relate to clerical work; no reduction is appropriate.  (*Id*. at 26.)

g.    *Unsuccessful Claims*

Defendant argues that GPD failed to discount for time devoted to the unsuccessful breach of warranty and DTPA claims.  (Doc. 110 at 20.)

A failure to segregate charges for unsuccessful claims warrants a reduction in fees.  *Sterling*, 822 S.W.2d at 10; *In re B.N.L.-B*, ___ S.W.3d ___, No. 05-09-00960-CV, 2012 WL 3104593 (Tex. App.–Dallas July 11, 2012,  no pet.) ("Fee claimants are required to segregate fees between claims for which fees are recoverable and claims for which they are not.").  However, segregation is unnecessary if the fees "relate to 1) multiple claims arising out of the same facts or transaction and 2) the prosecution or defense entails proof or denial of essentially the same facts."  *Aetna Cas. & Sur. v. Wild*, 944 S.W.2d 37, 41 (Tex. App–Amarillo 1997, writ denied).

Here, the breach of contract claim and the breach of warranty and DTPA claims involved the same facts and development of essentially the same proof.  Because the claims are inextricably intertwined, no reduction of fees is warranted. *Wild*, 944 S.W.2d at 41.

h.    *Proportionality*

Finally, Defendant argues that the fee request is excessive because it far exceeds the amount of the judgment, and that the number of hours billed by GPD was excessive given that this was a

simple contract case.[14]   (Doc. 110 at 7-9, 20-21.)   Texas does not require strict proportionality

between recoveries and fee awards.  *Chaparral Texas, L.P. v. W. Dale Morris, Inc.*, No. H-06-2468,

2008 WL 190433 (S.D. Tex. 2008 Jan. 22, 2008) (citing state law cases in which fee awards

exceeded damage awards).  Plaintiff recovered 100% of its damages, and GPD has defended its

work on the case.  (Docs. 101 at 20; 102 at 21-22, 140-141.)  No reduction is warranted on this

ground.

Based on the *Arthur Anderson* factors, and considering all of Defendant's objections,

Plaintiff has shown that fees in the amount of $325,069.71 were reasonable and necessary.  That sum

is calculated as follows:

| | |
|---|---|
| **Total Fee Request** | **$422,096.00** |
| **Adj. for Dow Corning Discovery** | **$    5,464.90** |
| **Adj. for motion to reconsider** | **$    8,215.25** |
| **Adj. for motion to compel** | **$  16,155.30** |
| **Adj. for motion for fees** | **$    9,000.00** |
| **Adj. for clerical tasks** | **$        825.60** |
| **Subtotal** | **$382,434.95** |
| | |
| **15% Adj. for redactions** | **$  57,365.24** |
| **Total Fee Award** | **$325,069.71** |

Plaintiff's motion for attorney's fees should be granted in part, and it should be awarded

$325,069.71 in fees.[15]

## IV.  COSTS

Plaintiff also seeks an award of costs in the amount of $16,989.84 in accordance with the

judgment entered January 27, 2012.  (Doc. 101 at 24-25.)  Plaintiff filed its bill of costs

---

[14]  Defendant blames GPD for its choice to engage in costly litigation tactics.  (Doc. 110 at 7-8, 20-21.) Plaintiff contends that Defendant's litigation strategy forced it to incur additional attorney's fees.  (Doc. 101 at 13.)

[15]  Plaintiff requested a conditional award of appellate fees.  (Doc. 101 at 23.)  Because Defendant did not file a notice of appeal, this issue is moot.

contemporaneously with its motion for attorney's fees, and the Clerk of Court taxed costs in the requested amount on March 12, 2012. (*See* Docs. 103 and 105.) Defendant objects on grounds of untimeliness; it alternatively argues that taxable costs should be limited to those specified in 28 U.S.C. § 1920. (*See* Doc. 108.)

1.      **Timeliness**

Pursuant to Local Rule 54.1 of the Northern District of Texas, "[a] party awarded costs by final judgment . . . must apply to the clerk for taxation of such costs by filing a bill of costs . . . . Unless otherwise provided . . ., the bill of costs must be filed with the clerk and served on any party entitled to such service no later than 14 days after the clerk enters the judgment on the docket." N. D. Tex. R. 54.1. Nevertheless, the Court has discretion to consider untimely motions, especially where the party opposing the award cannot demonstrate prejudice as a result of the untimely filing. *See Butler v. Munsch Hardt Kopf & Harr, P.C.*, No. 3:02-CV-1811-M, 2005 U.S. Dist. LEXIS 6661, *6 (N.D. Tex. April 12, 2005) (recommendation of Mag. J), *adopted by* 2005 U.S. Dist. LEXIS 8702 (May 10, 2005); *see also Sanmina Corp. v. Banctec USA, Inc.*, No. 3:99-CV-665-H, 2004 WL 2826452, *2, *5 (N.D. Tex. Nov. 19, 2004) (adopting recommendation of Mag. J.), *vacated as premature and re-adopted* in 2004 WL 2847826 (Dec. 9, 2004).

In this case, the judgment expressly awards Plaintiff costs. (*See* Doc. 99.) Although the Plaintiff did not file its bill of costs by the deadline set forth in Local Rule 54.1, its explanation for its delay, e.g., an extension of time for filing its motion for attorney's fees to February 27, 2012, adequately explains its delay as a simple oversight. (Doc. 101 at 23.) Plaintiff's short delay in filing its bill of costs distinguishes this case from *Navigant Consulting, Inc. v. Wilkinson*, 3:02-CV-2186-B, 2008 WL 2765334, *7 (N.D. Tex. July 16, 2008) (denying costs when plaintiff filed its bill of

costs 18 months after entry of judgment).  Defendant has not shown prejudice, so its timeliness objection should be overruled.

### 2. Taxable Costs

Pursuant to 28 U.S.C. § 1920, the following may be taxed as costs where appropriate:

1) Fees of the clerk and marshal;

2) Fees for printed and electronically recorded transcripts necessarily obtained for use in the case;

3) Fees and disbursements for printing and witness;

4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

5) Docket fees under section 1923 of this title;

6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

The Clerk taxed the following costs:

| Costs | Amount |
|---|---|
| **Photocopies** | **$  3,231.60** |
| **Dallas District - Civil Filing Fee** | **$     324.00** |
| **Deposition - Kenyon** | **$  1,461.15** |
| **Deposition - Withem** | **$  1,789.60** |
| **Video Portion - Deposition - Kenyon** | **$     659.00** |
| **Video Portion - Deposition - Withem** | **$     772.50** |
| **Deposition - Sterling** | **$  1,071.00** |
| **Deposition - Squier** | **$  1,450.00** |
| **Deposition - Lopez** | **$     499.00** |
| **Video Portion - Deposition - Sterling** | **$     220.00** |
| **Video Portion - Deposition - Lopez** | **$     100.00** |
| **Deposition and Video - Creed** | **$  1,133.90** |
| **Deposition - Raymond** | **$  2,158.75** |
| **Video Portion - Deposition - Raymond** | **$     240.00** |

14

| | |
|---|---|
| **Transcript Synchonization - Depositions of** | |
| **Creed, Raymond, Lopez, Withem and Kenyon** | **$  1,560.00** |
| **Graphics** | **$    319.34** |
| **TOTAL** | **$16,989.84** |

(*See* Doc. 103 at 3; 105.)

> 3.       **Defendant's Objections**

>> a.       *Copies*

Defendant objects to Plaintiff's claim for copy costs in the amount of $3,231.60.  (Doc. 108 at 5-6.)  Expenses for copies may be taxed as costs if the party seeking an award offers sufficient documentation justifying the expenses.  *Fluor Corp. v. Citadel Equity Fund Ltd.*, No. 3:08-CV-1556-B, 2011 WL 3820704, *7 (N.D. Tex. Aug. 26, 2011).  Plaintiff submitted monthly invoices showing its photocopy expenses; the bill of costs reflects that Plaintiff is not seeking reimbursement for all copying costs.  (Docs. 102 at 30-82; 103 at 3-4; 117 at 11.)  The documentation is sufficient to justify the claimed expenses. Defendant's objection to this element of costs should be overruled.

>> b.       *Enlargements*

Defendant also objects to Plaintiff's claim for costs for document enlargements in the amount of $319.34.  (Doc. 108 at 6.)  The claimed expenses are not included in § 1920; accordingly, they cannot be properly taxed as costs.  *See Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 891 (5th Cir. 1993).  Defendant's objection to this element of costs should be sustained.

>> c.       *Expedited Transcripts*

Defendant objects to Plaintiff's claim for expedited deposition transcripts ($2,657.75) and videotaped depositions (2,366.50), as well as a litigation support disc and transcript synchronization fees ($1,595.00).  (*Id*. at 6-9.)  Deposition expenses are recoverable under 28 U.S.C. § 1920(2).  The costs of expedited transcripts may be recovered if they are "necessarily obtained for use in the case."

*See Datapoint Corp. v. Picturetel Corp.*, No. 3:93-CV-2381-D, 1998 WL 641807, *1 (N.D. Tex. Sept. 11, 1998). Plaintiff explains the context in which the depositions were taken and the time constraints involved. (Doc. 117 at 6-8.) It has shown that the expenses for the expedited transcripts are allowable as necessary costs due to the character of the litigation. Defendant's objection should be overruled.

        d.    *Video Depositions*

Costs of video depositions are also recoverable under § 1920(2). *See S & D Trading Academy, LLC v. AAFIS Inc.*, 336 F. App'x 443, 451-452 (5th Cir. 2009); *see also Baisden v. I'm Ready Productions, Inc.*, 793 F. Supp.2d 970, 976 (S.D. Tex. 2011). The video synchonization charges are also allowable as necessary costs. However, Plaintiff does not address the $35.00 expense for a litigation support disk associated with the Creed deposition. (Doc. 102 at 131.) Because that expense is not included in § 1920, it should be disallowed.

Of the $16,989.84 in costs submitted by Plaintiff, only those charges relating to enlargements ($319.34) and those charges for the litigation disc related to the Creed deposition ($35.00) should be disallowed. The remaining $16,635.50 should be taxed as costs to Defendant.

## V. PREJUDGMENT INTEREST

Plaintiff's motion also seeks prejudgment interest in the amount of $21,772.44, as provided by the judgment. (*See* Docs. 99, 100, 104.)

State law also controls the award of prejudgment interest in diversity cases. *Wood v. Armco, Inc.*, 814 F.2d 211, 213 n. 2 (5th Cir. 1987). In Texas, the rate of prejudgment interest is determined by the consumer credit commissioner; the current applicable rate is five percent (5%). *See* TEX. FIN. CODE ANN. § 304.003(c)(2) (West 2006); *see also Wood*, 814 F.2d at 214; *Johnson & Higgins of*

*Texas, Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 532 (Tex. 1998).  "Prejudgment interest begins to accrue on the earlier of 1) 180 days after the date a defendant receives written notice of a claim or 2) the date suit is filed."  *Johnson*, 962 S.W.2d at 531-532.  Prejudgment interest is computed as simple interest.  *Id.* at 532.

Plaintiff sent a demand letter to Defendant on September 11, 2009, and prejudgment interest began to accrue 180 days later, on March 10, 2010.  (Doc. 102 at 115-116.)  Plaintiff is entitled to prejudgment interest from March 10, 2010 until January 26, 2012–the day before entry of the judgment.  The total prejudgment interest period is therefore 688 days.  The total amount of prejudgment interest is calculated as follows: the total judgment amount ($231,016.43) is multiplied by the five percent (5%) interest rate, yielding the amount of prejudgment interest for one year: $11,550.821.  That sum is then divided by 365 days to arrive at the per diem prejudgment interest amount, $31.646.  Finally, the total prejudgment interest is calculated by multiplying the prejudgment interest period (688 days) by the per diem prejudgment interest amount ($31.646) for a total of $21,772.44.  Plaintiff is entitled to prejudgment interest in that amount.

## VI.  RECOMMENDATION

*Defendant's Motion to Strike Plaintiff's Declaration of Robert C. Wiegand* should be **DENIED**, *Plaintiff's Motion for Attorney's Fees and Costs* should be **GRANTED** in part, and Plaintiff should be awarded $325,069.71 in reasonable and necessary attorney's fees, $16,635.50 in taxable costs, and $21,772.44 in prejudgment interest.

**SO RECOMMENDED** on this 29th day of August, 2012.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

17

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on all parties by mailing a copy to each of them.   Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within fourteen days after being served with a copy.   A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made.   The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE